Anthony Schroeder, Esq. (24106407)
GHIDOTTI BERGER, LLP
9720 Coit Road, Ste. 220-228
Plano, TX 75025
Tel: (949) 427-2010
Fax: (469) 713-3194
bknotifications@ghidottiberger.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.: 19-42984 |
| | § | |
| **Derrick Jerome Alford and Alicia Whitaker Alford,** | § | CHAPTER 13 |
| | § | |
| DEBTORS, | § | |
| | § | |

### NOTICE OF TERMINATION OF AUTOMATIC STAY AS TO REAL PROPERTY LOCATED AT 7268 Cedro Grand, Prairie, TX 75054

**TO ALL INTERESTED PARTIES:**

NOTICE IS HEREBY GIVEN that, pursuant to the terms of the Agreed Order Resolving Motion for Relief from Automatic Stay, entered on March 31, 2022 at docket entry 44, the automatic stay imposed by virtue of 11 U.S.C. § 362 is terminated effective February 8, 2023, to allow Secured Creditor, U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V, its successors and/or assigns ("**Movant**") to enforce its state law remedies against personal property identified as 7268 Cedro Grand, Prairie, TX 75054 ("**Property**").

Pursuant to the terms of the Agreed Order Resolving Motion for Relief from Automatic Stay (Doc. 44, the "**Agreed Order**"), Derrick Jerome Alford and Alicia Whitaker Alford ("**Debtor(s)**") were required to stay current on all post-petition monthly payments commencing with the payment due on April 1, 2022. A true and correct copy of the Agreed Order is attached hereto as **Exhibit "A"** and incorporated herein by this reference.

In the event of Debtors' default under the terms of the Agreed Order, the Agreed Order required Movant to serve written notice of said default and allow Debtor(s) 10 days within which to cure said default. *Id*. In the event of Debtors' failure to cure said default, the Agreed Order provided that the automatic stay of 11 U.S.C. § 362 shall terminate as to Movant without further recourse to the Court. *Id*. The Agreed Order also provided that, in the event the automatic stay was terminated under the terms of the Agreed Order, the fourteen day provision of Rule 4001(a)(3) was waived.

On January 24, 2023, Movant served a written notice of Debtors' default under the terms of the Agreed Order (the "**Default Notice**"), a true and correct copy of which is attached hereto as **Exhibit "B"** and incorporated herein by this reference. More than 10 days have passed since the Default Notice was served and Debtor(s) have failed to cure the default.

Based upon the Debtors' failure to cure the default under the terms of the Agreed Order, the automatic stay is terminated effective February 8, 2023 and Movant may proceed with its remedies pursuant to non-bankruptcy law.

Dated: February 8, 2023

    Respectfully submitted,

By:   /s/ Anthony Schroeder
    Anthony Schroeder, Esq.
    Texas State Bar No. 24106407
    9720 Coit Road, Ste. 220-228
    Plano, TX 75025
    Tel: (949) 427-2010
    Fax: (469) 713-3194
    bknotifications@ghidottiberger.com
    **COUNSEL FOR MOVANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE OF TERMINATION OF AUTOMATIC STAY AS TO REAL PROPERTY LOCATED AT 7268 Cedro Grand, Prairie, TX 75054** has been forwarded by U.S. Mail, first class postage prepaid, hand delivery, and/or by electronic means on February 8, 2023 to the following:

**Debtor(s)**
Derrick Jerome Alford
7268 Cedro
Grand Prairie, TX 75054

Alicia Whitaker Alford
7268 Cedro
Grand Prairie, TX 75054

**Counsel for Debtor(s)**
Mark S. Rubin
Rubin & Associates, P.C.
13601 Preston Rd
Suite 500E
Dallas, TX 75240

**Chapter 13 Trustee**
Carey D. Ebert
P. O. Box 941166
Plano, TX 75094-1166

**US Trustee**
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702

/s/ Anthony Schroeder
Anthony Schroeder

EXHIBIT "A"

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-42984 |
| | § | |
| Derrick Jerome Alford and Alicia Whitaker Alford, | § § | |
| Debtors | § | CHAPTER 13 |
| | § § | |

### AGREED ORDER CONDITIONING AUTOMATIC STAY

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Came on for consideration the Motion for Relief from Stay filed by Freedom Mortgage Corporation (hereinafter MOVANT), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion, and the agreement of counsel for Movant and for the Debtor as set out herein, is of the opinion that the following Agreed Order should be entered. It is therefore ORDERED, ADJUDGED AND DECREED that:

1. <u>Automatic Stay</u>: The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect subject to the terms and conditions outlined herein.

2. <u>Current Monthly Payments</u>: Debtors shall continue to remit to Movant in a timely manner the regular post-petition monthly payments due pursuant to that certain Note and Deed of Trust dated March 2, 2015 and attached as an exhibit to Movant's Motion for Relief from Stay. The next payment due is the **<u>April 1, 2022</u>** monthly payment.

3. <u>Modify Plan</u>: Debtors shall have 30 days from the date of entry of this order to modify Debtor's Chapter 13 Plan to include all post-petition arrearages and attorney's fees and costs detailed below to be paid by the Chapter 13 Trustee through the Debtor's Chapter 13 Plan. Such payment on post-petition arrears shall be subordinated to the existing rights of junior classes under the Debtor's previously-confirmed Chapter 13 plan. Said total amount consists of post-petition payments, additional fees and costs detailed as follows:

|  |  |  |
|---|---|---|
| Payments | 02/01/2022 – 03/01/2022 (2 * $2,754.68) | $5,217.08 |
| Suspense |  | -$2,168.85 |
| Current Attorney Fees |  | $1,050.00 |
| Filing Costs |  | $188.00 |
| Less funds received |  | $0.00 |
| Grand Total |  | $4,578.51 |

The "Post-Petition Arrearage" specified herein shall constitute an additional secured claim filed by Movant (Additional Claim) in the bankruptcy proceeding and is hereby allowed by the Court. If the Chapter 13 plan has been previously confirmed by the Court under 11 U.S.C. 1325 (Confirmed Plan), Debtor shall promptly modify the Plan. If the Plan has not been previously confirmed by the Court, the BORROWER shall promptly modify the Plan prior to confirmation pursuant to 11 U.S.C. § 1323 to provide for the Additional Claim.

4. <u>Payments to Trustee</u>: Debtors shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date the Order is signed by the Bankruptcy Judge.

5. <u>Discharge:</u> Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

6. <u>Conversion to Chapter 7</u>: The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the Note and Deed of Trust shall become immediately payable to Movant, and if the property has been previously exempted from the estate, failure to bring the loan contractually current

      by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

7.   <u>Effect of Non-sufficient Funds</u>: Debtors' tendering of a check to Movant which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn shall not constitute payment as required by the terms of this order.

8.   <u>Default</u>: In the event the Debtors fail to comply with the provisions of Paragraphs 2, 3 or 4 of this Agreement, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtors and to Debtors counsel and shall allow the Debtors a 10-day period from the date of such written notice to cure such delinquent payment(s) or delinquent actions. Cure payments must be made by certified funds only and Movant may charge Debtor $50.00 for any notice given pursuant to this Order. In the event Debtors fail to cure such delinquent payment(s) or actions within such 10-day period or in the event that Debtors become delinquent after two (2) notices of default, the Automatic Stay shall terminate as to Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have including but not limited to contacting the Debtor by telephone or written correspondence and, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement regarding the collateral described as:

      7268 CEDRO, GRAND PRAIRIE, TX 75054

    IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

    Additionally, upon default, Movant shall notify the Court, Debtors, Debtor's attorney and the Chapter 13 Trustee of the termination of the Automatic Stay and the basis therefore. In the event that the stay terminates as to the Property and the Property is foreclosed, i.e., Debtor(s) no longer have title to the Property, Movant is relieved of the requirements set forth in FRBP 3002.1 with respect to the Property.

Notice of Termination of Stay shall also constitute a request that the Chapter 13 Trustee cease disbursements on the claim filed by Movant in this proceeding.

IT IS SO ORDERED

Signed on 3/31/2022

*Brenda T. Rhoades* YM
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

# # # END OF ORDER # # #

Approved as to Form and Substance:

/s/ Mark S. Rubin
Mark S. Rubin
Rubin & Associates, P.C.
13601 Preston Rd
Suite 500E
Dallas, TX 75240
E-mail:  bankruptcy2@rubin-owens.com
ATTORNEY FOR DEBTORS

McCalla Raymer Leibert Pierce, LLC
Attorney for Creditor
2626 Cole Avenue, Suite 501
Dallas, TX 75204
Phone: (312) 476-5174
Facsimile: (312) 346-6146
Email: Toni.Townsend@McCalla.com

By:     */s/ Toni Townsend*
        Toni Townsend (Bar No. 24106812)

# EXHIBIT "B"

# GhidottiBerger

Date: January 24, 2023

**Via U.S. Mail**
**Debtors:**
Derrick Jerome Alford
Alicia Whitaker Alford
7268 Cedro
Grand Prairie, TX 75054

**Attorney for Debtors:**
Mark S. Rubin
Rubin & Associates, P.C.
Email: bankruptcy2@rubin-owens.com

Re:   BK Petition # 19-42984
      Debtors: Derrick Jerome Alford and Alicia Whitaker Alford
      Property Address: 7268 Cedro Grand, Prairie, TX 75054

We represent U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V, its successors and/or assigns, who obtained Claim #11-1 from Freedom Mortgage Corporation on July 26, 2022. The purpose of this letter is to notify you of a default under the Adequate Protection Agreement Order agreed to by the parties ("**APO**"). A copy of the Order entered on March 31, 2022, as Docket Number 44 is enclosed herewith for your reference.

Pursuant to the terms of the APO, the Debtors were required to resume making regular monthly post-petition payments commencing with the payment due on April 1, 2022.

Our client has informed us that as of today, the Debtors have defaulted under the terms of the APO by failing to submit the monthly payment due on December 1, 2022.

The default is calculated as follows:

| | |
|---|---|
| 2 **Post** payments (12/01/2022 – 01/01/2023) at $2,846.45 | = $5,692.90 |
| Notice of Default Fees: | = $50.00 |
| Suspense Funds: | = ($728.79) |
| **Total Default:** | **$5,014.11** |

The last four digits of the loan number are 2728 and all payments should be made to the following address:

Rushmore Loan Management Services
P.O. Box 52708
Irvine, CA 92619-2708

As set forth in the APO, this letter shall constitute the 10-day written notice required under the terms of the APO. If payment is not received by our client on or before **February 3, 2022**, we will file a Notice of Termination of the Automatic Stay seeking to have the automatic stay lifted.

The APO requires the Movant to issue a total of 2 Notices of Default to Debtors before proceeding with a relief Order. This letter constitutes the 1 notice.

**If you have any questions, please call the undersigned.**

Best Regards,

GhidottiBerger

*/s/ Anthony Schroeder*
Anthony Schroeder, Esq.
Attorney for Movant
1031 Coit Road, Ste 220-228
Plano, TX 75025
Ph: (949) 427-2010
Fax: (949) 427-2732
bknotifications@ghidottiberger.com


Enclosed:
Entered Order on Adequate Protection Agreement
Current Post-Petition Payment History



| | | PAYMENT CHANGES | | |
|---|---|---|---|---|
| **DATE** | **P&I** | **Escrow** | **TOTAL** | **Reference** |
| 12/01/19 | 1,421.79 | 1,367.62 | 2,789.41 | |
| 04/01/20 | 1,421.79 | 1,326.96 | 2,748.75 | |
| 04/01/21 | 1,421.79 | 1,332.89 | 2,754.68 | |
| 04/01/22 | 1,421.79 | 1,424.66 | 2,846.45 | |
| | | | 0.00 | |
| | | | 0.00 | |
| | | | 0.00 | |
| | | | 0.00 | |
| | | | 0.00 | |
| | | 0.00 | | |

Loan:
Borrower: Alford
Date Filed: 11/4/2019
BK Case #: 19-42984

First Post Petition Due Date: 12/1/2019
POC covers: 6/2019-11/2019
MOD EFFECTIVE DATE:

| Date | Amount Recvd | PRE/POST/APO | Post Petition Due Date | Contractual Due Date | Amount Due | Over/Shortage | Suspense Credit | Suspense Debit | Susp Balance | POC DATE PAID | POC Arrears Credit | POC Debit | POC Suspense Balance | POC Paid to Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Beginning Suspense Balance | | | | | | $0.00 | | | | | | | $11,946.40 | $0.00 |
| | | Pre | | 6/1/19 | | $0.00 | | | $0.00 | 6/1/2019 | | $3,010.38 | $8,936.02 | $0.00 |
| | | Pre | | 7/1/19 | | $0.00 | | | $0.00 | 7/1/2019 | | $3,010.38 | $5,925.64 | $0.00 |
| | | Pre | | 8/1/19 | | $0.00 | | | $0.00 | 8/1/2019 | | $3,010.38 | $2,915.26 | $0.00 |
| 12/12/2019 | $3,500.00 | Post | 12/1/19 | 9/1/19 | $2,789.41 | $710.59 | $710.59 | | $710.59 | | | | $2,915.26 | $0.00 |
| 1/17/2020 | $2,500.00 | Post | 1/1/20 | 10/1/19 | $2,789.41 | -$289.41 | | $289.41 | $421.18 | | | | $2,915.26 | $0.00 |
| 2/17/2020 | $2,800.00 | Post | 2/1/20 | 11/1/19 | $2,789.41 | $10.59 | $10.59 | | $431.77 | | | | $2,915.26 | $0.00 |
| 3/23/2020 | $2,800.00 | Post | 3/1/20 | 12/1/19 | $2,789.41 | $10.59 | $10.59 | | $442.36 | | | | $2,915.26 | $0.00 |
| 4/23/2020 | $2,800.00 | Post | 4/1/20 | 1/1/20 | $2,748.75 | $51.25 | $51.25 | | $493.61 | | | | $2,915.26 | $0.00 |
| 5/29/2020 | $2,800.00 | Post | 5/1/20 | 2/1/20 | $2,748.75 | $51.25 | $51.25 | | $544.86 | | | | $2,915.26 | $0.00 |
| 6/30/2020 | $2,800.00 | Post | 6/1/20 | 3/1/20 | $2,748.75 | $51.25 | $51.25 | | $596.11 | | | | $2,915.26 | $0.00 |
| 7/14/2020 | $2,800.00 | Post | 7/1/20 | 4/1/20 | $2,748.75 | $51.25 | $51.25 | | $647.36 | | | | $2,915.26 | $0.00 |
| 8/7/2020 | $855.00 | Pre | | 5/1/20 | | $855.00 | | | $647.36 | 9/1/2019 | | $855.00 | $3,010.38 | $759.88 | $855.00 |
| 8/26/2020 | $2,800.00 | Post | 8/1/20 | 6/1/20 | $2,748.75 | $51.25 | $51.25 | | $698.61 | | | | $759.88 | $855.00 |
| 9/2/2020 | $1,355.00 | Pre | | | | $1,355.00 | | | $698.61 | | $1,355.00 | | $2,114.88 | $2,210.00 |
| 9/22/2020 | $3,000.00 | Post | 9/1/20 | 7/1/20 | $2,748.75 | $251.25 | $251.25 | | $949.86 | | | | $2,114.88 | $2,210.00 |
| 10/1/2020 | $855.00 | Pre | | | | $855.00 | | | $949.86 | | | | $2,969.88 | $3,065.00 |
| 10/20/2020 | $2,800.00 | Post | 10/1/20 | 8/1/20 | $2,748.75 | $51.25 | $51.25 | | $1,001.11 | | | | $2,969.88 | $3,065.00 |
| 10/28/2020 | $855.00 | Pre | | 9/1/20 | | $855.00 | | | $1,001.11 | 10/1/2019 | | $855.00 | $3,010.38 | $814.50 | $3,920.00 |
| 11/30/2020 | $855.00 | Pre | | | | $855.00 | | | $1,001.11 | | $855.00 | | $1,669.50 | $4,775.00 |
| | $2,400.00 | Post | 11/1/20 | 10/1/20 | $2,748.75 | -$348.75 | | $348.75 | $652.36 | | | | $1,669.50 | $4,775.00 |
| 12/28/2020 | $900.00 | Pre | | | | $900.00 | | | $652.36 | | $900.00 | | $2,569.50 | $5,675.00 |
| 1/15/2021 | $3,000.00 | Post | 12/1/20 | 11/1/20 | $2,748.75 | $251.25 | $251.25 | | $903.61 | | | | $2,569.50 | $5,675.00 |
| 2/4/2021 | $855.00 | Pre | | 12/1/20 | | $855.00 | | | $903.61 | 11/1/2019 | | $855.00 | $3,010.38 | $414.12 | $6,530.00 |
| 2/16/2021 | $2,400.00 | Post | 1/1/21 | 1/1/21 | $2,748.75 | -$348.75 | | $348.75 | $554.86 | | | | $414.12 | $6,530.00 |
| 3/4/2021 | $855.00 | Pre | | | | $855.00 | | | $554.86 | | $855.00 | | $1,269.12 | $7,385.00 |
| 3/16/2021 | $2,800.00 | Post | 2/1/21 | 2/1/21 | $2,748.75 | $51.25 | $51.25 | | $606.11 | | | | $1,269.12 | $7,385.00 |
| 3/31/2021 | $1,124.14 | Pre | | | | $1,124.14 | | | $606.11 | | 1124.14 | | $2,393.26 | $8,509.14 |
| 4/2/2021 | $3,000.00 | Post | 3/1/21 | 3/1/21 | $2,748.75 | $251.25 | $251.25 | | $857.36 | | | | $2,393.26 | $8,509.14 |
| 5/18/2021 | $3,000.00 | Post | 4/1/21 | 4/1/21 | $2,754.68 | $245.32 | $245.32 | | $1,102.68 | | | | $2,393.26 | $8,509.14 |
| 6/28/2021 | $2,800.00 | Post | 5/1/21 | 5/1/21 | $2,754.68 | $45.32 | $45.32 | | $1,148.00 | | | | $2,393.26 | $8,509.14 |
| 8/16/2021 | $3,000.00 | Post | 6/1/21 | 6/1/21 | $2,754.68 | $245.32 | $245.32 | | $1,393.32 | | | | $2,393.26 | $8,509.14 |
| 9/16/2021 | $3,000.00 | Post | 7/1/21 | 7/1/21 | $2,754.68 | $245.32 | $245.32 | | $1,638.64 | | | | $2,393.26 | $8,509.14 |
| 10/20/2021 | $3,200.00 | Post | 8/1/21 | 8/1/21 | $2,754.68 | $445.32 | $445.32 | | $2,083.96 | | | | $2,393.26 | $8,509.14 |
| 11/17/2021 | $3,100.00 | Post | 9/1/21 | 9/1/21 | $2,754.68 | $345.32 | $345.32 | | $2,429.28 | | | | $2,393.26 | $8,509.14 |
| 12/27/2021 | $3,750.00 | Post | 10/1/21 | 10/1/21 | $2,754.68 | $995.32 | $995.32 | | $3,424.60 | | | | $2,393.26 | $8,509.14 |
| | | Post | 11/1/21 | 11/1/21 | $2,754.68 | -$2,754.68 | | $2,754.68 | $669.92 | | | | $2,393.26 | $8,509.14 |
| 2/7/2022 | $3,000.00 | Post | 12/1/21 | 12/1/21 | $2,754.68 | $245.32 | $245.32 | | $915.24 | | | | $2,393.26 | $8,509.14 |
| 2/18/2022 | $3,000.00 | Post | 1/1/22 | 1/1/22 | $2,754.68 | $245.32 | $245.32 | | $1,160.56 | | | | $2,393.26 | $8,509.14 |
| 3/31/2022 - AO entered for 02/2022-03/2022 payments…arrears to be cured thru plan | | | | | | $0.00 | | $1,160.56 | $0.00 | | $1,160.56 | | $3,553.82 | $9,669.70 |
| 4/1/2022 | $1,500.00 | Post | | | | $1,500.00 | $1,500.00 | | $1,500.00 | | | | $3,553.82 | $9,669.70 |
| 4/29/2022 | $1,500.00 | Post | 4/1/22 | 4/1/22 | $2,846.45 | -$1,346.45 | | $1,346.46 | $153.54 | | | | $3,553.82 | $9,669.70 |
| 5/27/2022 | $2,800.00 | Post | 5/1/22 | 5/1/22 | $2,846.45 | -$46.45 | | $46.45 | $107.09 | | | | $3,553.82 | $9,669.70 |
| 7/7/2022 | $2,800.00 | Post | 6/1/22 | 6/1/22 | $2,846.45 | -$46.45 | | $46.45 | $60.64 | | | | $3,553.82 | $9,669.70 |
| 8/12/2022 | $2,900.00 | Post | 7/1/22 | 7/1/22 | $2,846.45 | $53.55 | $53.55 | | $114.19 | | | | $3,553.82 | $9,669.70 |
| 9/2/2022 | $3,000.00 | Post | 8/1/22 | 8/1/22 | $2,846.45 | $153.55 | $153.55 | | $267.74 | | | | $3,553.82 | $9,669.70 |
| **9/9/2022** | **$3,000.00** | **NSF** | | | | **$3,000.00** | | | **$267.74** | | | | **$3,553.82** | **$9,669.70** |
| 10/19/2022 | $9,000.00 | post | 9/1/22 | 9/1/22 | $2,846.45 | $6,153.55 | $6,153.55 | | $6,421.29 | | | | $3,553.82 | $9,669.70 |
| | | post | 10/1/22 | 10/1/22 | $2,846.45 | -$2,846.45 | | $2,846.25 | $3,575.04 | | | | $3,553.82 | $9,669.70 |
| | | post | 11/1/22 | 11/1/22 | $2,846.45 | -$2,846.45 | | $2,846.25 | $728.79 | | | | $3,553.82 | $9,669.70 |
| | | | | | | $0.00 | | | $728.79 | | | | $3,553.82 | $9,669.70 |
| **DUE** | | | | **12/1/22** | | **$2,846.45** | -$2,846.45 | | $728.79 | | | | $3,553.82 | $9,669.70 |
| **DUE** | | | | **1/1/23** | | **$2,846.45** | -$2,846.45 | | $728.79 | | | | $3,553.82 | $9,669.70 |
| | | | | | | $0.00 | | | $728.79 | | | | $3,553.82 | $9,669.70 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-42984 |
| | § | |
| Derrick Jerome Alford and Alicia Whitaker Alford, | § | |
| | § | |
| Debtors | § | CHAPTER 13 |
| | § | |
| | § | |

## AGREED ORDER CONDITIONING AUTOMATIC STAY

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Came on for consideration the Motion for Relief from Stay filed by Freedom Mortgage Corporation (hereinafter MOVANT), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion, and the agreement of counsel for Movant and for the Debtor as set out herein, is of the opinion that the following Agreed Order should be entered. It is therefore ORDERED, ADJUDGED AND DECREED that:

1. <u>Automatic Stay</u>: The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect subject to the terms and conditions outlined herein.

2. <u>Current Monthly Payments</u>: Debtors shall continue to remit to Movant in a timely manner the regular post-petition monthly payments due pursuant to that certain Note and Deed of Trust dated March 2, 2015 and attached as an exhibit to Movant's Motion for Relief from Stay. The next payment due is the **April 1, 2022** monthly payment.

3. <u>Modify Plan</u>: Debtors shall have 30 days from the date of entry of this order to modify Debtor's Chapter 13 Plan to include all post-petition arrearages and attorney's fees and costs detailed below to be paid by the Chapter 13 Trustee through the Debtor's Chapter 13 Plan. Such payment on post-petition arrears shall be subordinated to the existing rights of junior classes under the Debtor's previously-confirmed Chapter 13 plan. Said total amount consists of post-petition payments, additional fees and costs detailed as follows:

| | | |
|---|---|---|
| Payments | 02/01/2022 – 03/01/2022 (2 * $2,754.68) | $5,217.08 |
| Suspense | | -$2,168.85 |
| Current Attorney Fees | | $1,050.00 |
| Filing Costs | | $188.00 |
| Less funds received | | $0.00 |
| Grand Total | | $4,578.51 |

The "Post-Petition Arrearage" specified herein shall constitute an additional secured claim filed by Movant (Additional Claim) in the bankruptcy proceeding and is hereby allowed by the Court. If the Chapter 13 plan has been previously confirmed by the Court under 11 U.S.C. 1325 (Confirmed Plan), Debtor shall promptly modify the Plan. If the Plan has not been previously confirmed by the Court, the BORROWER shall promptly modify the Plan prior to confirmation pursuant to 11 U.S.C. § 1323 to provide for the Additional Claim.

4. <u>Payments to Trustee</u>: Debtors shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date the Order is signed by the Bankruptcy Judge.

5. <u>Discharge:</u> Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

6. <u>Conversion to Chapter 7</u>: The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the Note and Deed of Trust shall become immediately payable to Movant, and if the property has been previously exempted from the estate, failure to bring the loan contractually current

       by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

7.   <u>Effect of Non-sufficient Funds</u>:  Debtors' tendering of a check to Movant which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn shall not constitute payment as required by the terms of this order.

8.   <u>Default</u>:  In the event the Debtors fail to comply with the provisions of Paragraphs 2, 3 or 4 of this Agreement, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtors and to Debtors counsel and shall allow the Debtors a 10-day period from the date of such written notice to cure such delinquent payment(s) or delinquent actions.  Cure payments must be made by certified funds only and Movant may charge Debtor $50.00 for any notice given pursuant to this Order.  In the event Debtors fail to cure such delinquent payment(s) or actions within such 10-day period or in the event that Debtors become delinquent after two (2) notices of default, the Automatic Stay shall terminate as to Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have including but not limited to contacting the Debtor by telephone or written correspondence and, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement regarding the collateral described as:

       7268 CEDRO, GRAND PRAIRIE, TX 75054

    IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

    Additionally, upon default, Movant shall notify the Court, Debtors, Debtor's attorney and the Chapter 13 Trustee of the termination of the Automatic Stay and the basis therefore.  In the event that the stay terminates as to the Property and the Property is foreclosed, i.e., Debtor(s) no longer have title to the Property, Movant is relieved of the requirements set forth in FRBP 3002.1 with respect to the Property.

Notice of Termination of Stay shall also constitute a request that the Chapter 13 Trustee cease disbursements on the claim filed by Movant in this proceeding.

IT IS SO ORDERED

Signed on 3/31/2022

*Brenda T. Rhoades* YM
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

# # # END OF ORDER # # #

Approved as to Form and Substance:

/s/ Mark S. Rubin
Mark S. Rubin
Rubin & Associates, P.C.
13601 Preston Rd
Suite 500E
Dallas, TX 75240
E-mail: bankruptcy2@rubin-owens.com
ATTORNEY FOR DEBTORS

McCalla Raymer Leibert Pierce, LLC
Attorney for Creditor
2626 Cole Avenue, Suite 501
Dallas, TX 75204
Phone: (312) 476-5174
Facsimile: (312) 346-6146
Email: Toni.Townsend@McCalla.com

By: */s/ Toni Townsend*
    Toni Townsend (Bar No. 24106812)